NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAWANA COOKE,**

*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**

*Respondent*

---

2026-1576

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-22-0282-I-2.

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

In response to this court's April 24, 2026, show-cause order, the United States Postal Service ("USPS") urges dismissal or transfer. Dawana Cooke requests transfer if this court lacks jurisdiction.[1] We transfer.

---

[1]  We grant Ms. Cooke's request to accept her late response.

Ms. Cooke appealed her removal to the Merit Systems Protection Board, alleging, among other things, retaliation based on a prior Equal Employment Opportunity ("EEO") discrimination complaint. The Board rejected Ms. Cooke's arguments and affirmed her removal. In her filings before this court, Ms. Cooke indicates that she seeks judicial review of her discrimination claim.

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C.] § 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, 5 U.S.C. § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 425–26, 437 (2017). Here, Ms. Cooke argues her removal was based, at least in part, on retaliation for filing a prior EEO discrimination complaint, such that we do not have jurisdiction. *See Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1358 (Fed. Cir. 2011) (holding that "affirmative defenses of reprisal for prior EEO activity" constitutes covered discrimination). We agree with USPS and Ms. Cooke that transfer to the United States District Court for the District of Maryland, where the employment action appears to have occurred, is appropriate under the circumstances, *see* 28 U.S.C. § 1631, and that the district court would be in a better position to assess any timeliness issues.

Accordingly,

COOKE v. USPS                                                                                                 3

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1631.

FOR THE COURT

June 29, 2026
Date

Jarrett B. Perlow
Clerk of Court